UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 18-cr-88-JJM-PSA |
| ) | |
| RAMON DELOSSANTOS, ) | |
| Defendant. ) | |

## ORDER

The Court DENIES Ramon Delossantos' Motion for Compassionate Release seeking a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 31.

### I. STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.13, once a defendant shows that he has exhausted the Bureau of Prisons' administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first, a district court may reduce a defendant's term of imprisonment provided the court determines: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; *see also United States v. Miamen*, No. CR 18-130-1 WES, 2020 WL 1904490, at *2 (D.R.I. Apr. 17, 2020). The defendant carries the burden on a motion for compassionate release. *Miamen*, 2020 WL 1904490, at *2.

## II. DISCUSSION

Mr. Delossantos is serving a ten-year sentence after he pleaded guilty to conspiracy to possess with intent to distribute fentanyl and cocaine. The Court sentenced him a year ago. The Bureau of Prisons ("BOP") lists his anticipated release date as April 7, 2026. Mr. Delossantos asserts that he suffers from serious health issues such that his risk of serious illness from COVID is great representing extraordinary and compelling reasons to grant him compassionate release. He alleges that he suffers from asthma, semi-obstructive sleep apnea, chronic allergies, and lower-back pain. ECF No. 31 at 2. The government points out in response that the "record does not bear out his assertions." ECF No. 33 at 6.

> According to the PSR [Pre-Sentence Report] filed with the Court in June of 2020, defendant reported to the probation officer that he was "healthy," a representation confirmed by the medical records associated with his pretrial detention at the Wyatt Detention Facility. When defendant was taken into BOP's custody, the only health conditions besides dental issues that his medical records reflected were hypertension, which did not require medication, and asthma, for which he was prescribed an albuterol inhaler to be administered as needed. Despite defendant's current claim that he suffers from chronic allergies, he denied to BOP medical staff that he had any allergies whatsoever. The medical records mention nothing about sleep apnea or chronic lower-back pain, either.

*Id.* [citations omitted]. Mr. Delossantos' medical records support the government's response. ECF No. 33-1. The records also show that he is vaccinated against COVID and therefore he is much less likely to suffer a more severe case of COVID should he contract the virus.

Mr. Delossantos has not established extraordinary and compelling reasons to order his release.

2

## III. CONCLUSION

The Court finds that extraordinary and compelling reasons do not exist to grant Mr. Delossantos compassionate release. The Court DENIES Mr. Delossantos' Motion for Compassionate Release. ECF No. 31.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

June 22, 2022

3